# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORENZO DANTE NICHOLS,

      Plaintiff,

      v.                                      Case No. 10-C-106

JOHN HUSZ, CHARLES QUARLES,
SGT. BRICK, IONE GUILLONTA,
SGT. JENKINS, and RONALD BEYAH,

      Defendants.

## DECISION AND ORDER

The plaintiff, Lorenzo Dante Nichols, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. With his complaint, the plaintiff filed a motion for leave to proceed in forma pauperis. Since then, the plaintiff has consented to the exercise of jurisdiction by the magistrate judge. The plaintiff also has filed several letters asking how to add more defendants and information to his complaint and for a temporary injunction; those letters are now before the court.

First, the court will consider the plaintiff's motion for leave to proceed in forma pauperis. The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required

under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.75. The court will grant the plaintiff's motion.

Next, the court will consider the plaintiff's asserted claims. In his complaint, the plaintiff avers that he was denied the ability to practice his religion (Islam) while incarcerated at the Milwaukee Secure Detention Facility. Additionally, the plaintiff affirms that the religious practices of other prisoners were accommodated while Muslim prisoner were told their religious practice constituted a security breach.

Since filing his complaint, the plaintiff has also filed a number of additional documents with the court. In the first letter (Docket No. 6), the plaintiff asks if he can add more defendants and says that he would like to name Heather Paulsen and Rose Larsen as defendants to this action. In the second letter (Docket No. 7), the plaintiff provides additional factual information regarding his claims. In a third letter (Docket No. 10), filed April 20, 2010, the plaintiff cites the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and related cases. The same day, the plaintiff filed a pleading entitled "Statement of Facts," which sets forth the allegations underlying the plaintiff's religious claims (Docket No. 11).

Because the plaintiff has indicated a desire to add additional defendants and claims, the court will provide the plaintiff with an opportunity to file an amended complaint containing all of his claims against all desired defendants. In response to the plaintiff's request, the court will provide the plaintiff with a copy of the form for complaints under the Civil Rights Act, 42 U.S.C. § 1983. As indicated in on page three of the form complaint, a plaintiff may "[a]ttach extra pages, if necessary." The plaintiff's amended complaint must be filed on or before **Monday, June 7, 2010**.

If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the court will screen the original pleading.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted).

The plaintiff also has asked the court if legal counsel will be appointed in this matter or if he must proceed pro se. Civil litigants do not have a constitutional or statutory right to appointed counsel. The court does have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). However, there are no funds available to compensation those attorneys. Before the court can even consider appointing counsel, a litigant must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must then address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Finally, the plaintiff has filed a motion letter asking for a temporary injunction or restraining order on all religious activity in the Milwaukee Secure Detention Facility (MSDF). The plaintiff

3

details the way in which prisoners of other faiths are accommodated at MSDF and asserts that Muslim prisoners have not been able to celebrate any of their religious holidays. He submits that he has not been able to perform Jummah or attend Jummah since October 16, 2009, and that this prayer is obligatory for each and every Muslim in the world. The plaintiff seeks an injunction or temporary restraining order "until this facility can accommodate each religion equally without preferential treatment towards a certain one or several." (Plaintiff's Letter at 6). The plaintiff also asks this court to impose a temporary hold on him so that he cannot be moved to another facility in an attempt to keep him quiet about this lawsuit.

After the plaintiff filed his motion, the court received a notice of change of address for the plaintiff; he is now incarcerated at Dodge Correctional Institution ("Dodge"). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot." Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) (same). Since the plaintiff has been transferred to Dodge and is no longer subject to the policies and conditions of the Milwaukee Secure Detention Facility, his requests for injunctive relief are moot. Stewart v. McGinnis, 5 F.3d 1031, 1038 (7th Cir. 1993); Martin v. Davies, 917 F.2d 336, 339 (7th Cir. 1990).

Even if the plaintiff had not been transferred, the court would have denied the plaintiff's motion for a temporary restraining order. The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable harm to the

4

nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied.  Id.  The court also must consider the effect of the injunction on nonparties.  Id.  Based on the limited information presented by the plaintiff at this time, he has not yet shown a reasonable likelihood of success on the merits.  Additionally, he has not made any showing that he will suffer irreparable harm if injunctive relief is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that if the plaintiff wishes to file an amended complaint, he must do so on or before **Monday, June 7, 2010**.  Otherwise, the court will screen the original pleading.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket No. 8) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $339.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Aaron E. Goodstein
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin this 6th day of May, 2010.

> BY THE COURT:
>
> s/AARON E. GOODSTEIN
> United States Magistrate Judge